1

2

3

4

5

6

KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. McFARLAND (State Bar No. 129668)
lmcfarland@ kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
dwilson@kilpatricktownsend.com
DAVID K. CAPLAN (State Bar No. 181174)
dcaplan@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:   310-248-3830
Facsimile:    310-860-0363

7

8

9

Attorneys for Plaintiffs
SHOWTIME NETWORKS INC., and
MAYWEATHER PROMOTIONS, LLC

10

11

12

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| SHOWTIME NETWORKS INC., and MAYWEATHER PROMOTIONS, LLC | CASE NO. _2:15-cv-07071____ |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **(1)  DIRECT FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 411(c), 501, *et seq.*);** |
| JOHN DOE 1 d/b/a mayweathervandrebertolivestream.com, and JOHN DOES 2-3 inclusive, | |
| Defendants. | **(2) CONTRIBUTORY FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 411(c), 501, *et seq.*);** |
| | **(3) VICARIOUS FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 411(c), 501, *et seq.*);** |

COMPLAINT

Plaintiffs Showtime Networks Inc., and Mayweather Promotions, LLC (collectively, "Plaintiffs"), complaining of defendants John Doe 1 d/b/a mayweathervsandrebertolivestream.com and John Does 2 through 3 inclusive (collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.     This lawsuit arises from Defendants' anticipated knowing and intentional violation of the federal Copyright Act (17 U.S.C. §§ 101, *et seq.*).

2.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 411(c) and 501, and pursuant to 28 U.S.C. § 1331, and § 1338(a).

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391.

4.     Plaintiffs are informed and believe and on that basis allege that personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiffs, is offering and intends to distribute over the Internet copyrighted works for which Plaintiffs will own certain exclusive rights granted by the Copyright Act when those works are fixed in a tangible medium of expression simultaneously with their first transmission.  On information and belief, such unlawful distribution is expected to occur in every jurisdiction in the United States, including this one.

5.     In addition, Plaintiffs are also informed and believe and on that basis allege that Defendants are deliberately exploiting the California market for profit and have entered into two or more contracts with California companies for services that are necessary to keep the website at issue in this complaint operating.

## THE PARTIES

6.     Plaintiff Showtime Networks Inc. ("Showtime") is a company organized and existing under the laws of Delaware, having its principal place of business at 1633 Broadway, 16th Floor, New York, New York 10019.

7.     Plaintiff Mayweather Promotions, LLC ("Mayweather") is a limited liability company organized and existing under the laws of Nevada, having its

COMPLAINT

1    principal place of business at 4616 West Sahara Avenue, #290, Las Vegas, Nevada

2    89102.

3         8.     Plaintiffs are currently unaware of the identities of Defendants John

4    Doe 1 d/b/a mayweathervsandrebertolivestream.com and John Does 2-3, who are,

5    on information and belief, assisting Defendants John Doe 1 in the unauthorized live

6    Internet stream of the Coverage (as defined in Paragraph 13, *infra*), and therefore

7    sue these Defendants by such fictitious names.

8    **PLAINTIFFS' RIGHTS AND DEFENDANTS' UNLAWFUL CONDUCT**

9         9.     This action relates to the coverage of a highly anticipated boxing match

10    between the legendary boxer Floyd Mayweather, Jr. and Andre Berto, which will

11    occur on Saturday, September 12, 2015 at the MGM Grand Garden Arena in Las

12    Vegas, Nevada (the "Fight").

13         10.    The Fight will be fixed as an audiovisual recording by a single

14    authorized camera and production crew at the same time it is being transmitted live

15    to consumers throughout the world including via licensed pay-per-view access.

16         11.    In the United States, the live transmission and/or performance will be

17    produced exclusively by plaintiff Showtime.  The live transmission and/or

18    performance of the Fight and the preceding undercard bouts are referred to in this

19    Complaint as the "Coverage."

20         12.    Plaintiff Showtime owns the copyright in the Coverage in the United

21    States and Plaintiff Mayweather Promotions is the exclusive distributor of certain of

22    those rights in the United States.  Between them, Plaintiffs own and control the

23    exclusive copyright rights in the Coverage, including the exclusive rights to

24    reproduce and transmit the Coverage within the United States and elsewhere, among

25    other rights.

26         13.    Showtime intends to register the copyright in the Coverage within three

27    months after September 12, 2015.

28         14.    Consumers in the United States will be able to purchase live access to

COMPLAINT

the Coverage through licensed distributors beginning at approximately 8:00 p.m. Eastern Time on September 12, 2015 with three undercard bouts and then the Fight itself, continuing until the Fight's conclusion.

15.     Consumers in the United States will only be able to purchase access to the Coverage from Showtime and Mayweather's licensed distributors.  For example, consumers may purchase licensed live pay-per-view television access to the Coverage from authorized pay-per-view distributors for a retail price in the range of $64.95 - $74.95.

16.     Other than Showtime-licensed distributors CBS All Access and Sony Playstation, there are no distributors authorized to provide online streams of the Coverage for delivery to United States audiences, including without limitation the <mayweathervsandrebertolivestream.com> website discussed below.

17.     The Defendants are seeking to benefit from this high profile live Fight by infringing the rights of Plaintiffs.

18.     Plaintiffs have become aware that Defendants are using the website <mayweathervsandrebertolivestream.com> (the "Infringing Website") to advertise an unauthorized live Internet stream of the Coverage in California and elsewhere.

19.     As of the date of this writing, the Infringing Website's home page bears the title "Mayweather vs. Andre Berto Live Stream" and features the embedded graphic shown below:



A true and correct printout of the entire home page of the Infringing Website,

COMPLAINT

printed on September 3, 2015, is attached as **Exhibit A**.

20.     The Infringing Website's home page also includes the following subtitle:  "mayweather vs andre berto live stream Online 2015 Boxing Fight Pay Per View, watch Mayweather vs berto live stream all access tv coverage." *See* **Exhibit A**.

21.     In its promotion of the Fight and Defendants' infringing stream of the Fight, the home page also states:  "We will be inform [sic] you all the new of this fight [sic] and also give you secure live streaming sight [sic] there you can order mayweather vs. andre berto live stream.  We ensure you that we provide you [sic] streaming will be HD and totally Pay per View Quality."

22.     In an effort to attract traffic to the Infringing Website, Defendants have filled the text appearing on the webpage with as many keywords as possible for search engine optimization purposes.  *See* **Exhibit A**.

23.     In sum, the content on Defendants' Infringing Website promotes and/or markets their intention to infringe Plaintiffs' rights by streaming the Coverage without authorization.

24.     Plaintiffs are informed and believe and on that basis allege that Defendant John Doe 1 owns and/or operates the Infringing Website and that Defendants John Does 2-3 are assisting Defendant John Doe 1 in the unauthorized live Internet stream of the Coverage.

25.     Plaintiffs have not authorized anyone to stream the Coverage on the Infringing Website.

26.     Plaintiffs are informed and believe and on that basis allege that Defendants intend to acquire the infringing stream from one or more third parties who intend to stream the Coverage without authorization.

27.     Plaintiffs are informed and believe and on that basis allege that Defendants know or have reason to know that one or more third parties will obtain the infringing stream from their websites and will redistribute it through other

COMPLAINT

websites.

28.    Defendants' anticipated infringement will cause Plaintiffs severe and irreparable harm.

29.    In distributing the Coverage and/or aiding the distribution of the Coverage through unauthorized channels, Defendants will unlawfully usurp the benefits of the exclusive rights of reproduction, public performance and distribution, among other rights, conveyed to Plaintiffs by the Copyright Act.

30.    Defendants' anticipated unlawful distribution will impair the marketability and profitability of the Coverage, and interfere with Plaintiffs' own authorized distribution of the Coverage, because Defendants will provide consumers with an opportunity to view the Coverage in its entirety for free rather than paying for the Coverage provided through Plaintiffs' authorized channels.  This is especially true where, as here, the work at issue is *live* Coverage of a *one-time live sporting event whose outcome is unknown*.

31.    Defendants' unauthorized stream also threatens to irreparably harm Plaintiffs' relationships with consumers, as well as with Plaintiffs' authorized licensed distributors, who rely on consumer purchases of access to the Coverage.

32.    Plaintiffs' relationships with their licensed distributors and with consumers depend on Plaintiffs' ability to control when, where and under what conditions the Coverage is distributed.  Defendants, through their anticipated infringing conduct, intend to attempt to interfere with those relationships.

33.    Defendants' infringing stream also threatens to damage Plaintiffs' reputation with consumers, as Plaintiffs cannot exercise any quality control over Defendants' stream, which may be of inferior quality, subject to technical problems, and may suffer from other quality problems that consumers will mistakenly associate with Plaintiffs.

34.    In sum, Defendants' anticipated infringement not only denies Plaintiffs the benefits of their exclusive rights in the Coverage granted by the Copyright Act,

but it also threatens to irreparably harm Plaintiffs' valuable relationships with their licensed distributors and with consumers.

35.     These harms cannot be adequately compensated by monetary damages.

36.     Defendants have taken steps to conceal their true identities, locations and contact information from Plaintiffs and from the public.  The Infringing Website does not contain any contact information for Defendants.

37.     Defendants have also concealed their true identities and locations in the public Whois database, which contains (unverified) name and contact information used to register Defendants' Internet domain names.

38.     The registrant information for the Infringing Website is concealed by a privacy protection service that prevents Plaintiffs from learning what name and address information Defendants used to register the domain name.  The privacy protection service, which is located in Panama, replaces Defendants' contact information with its own name and address, and provides an anonymous email address that does not belong to Defendants, but on information and belief, relays email messages to an email address owned and controlled by Defendants.

39.     Plaintiffs retained a private investigator who has tried diligently to locate additional information about Defendants' identities or locations but has been unsuccessful.

40.     Plaintiffs served Defendants with an Advance Notice of Potential Infringement pursuant to 37 C.F.R. § 201.22 on September 2, 2015 (the "Notice"). A true and correct copy of the Notice is attached hereto as **Exhibit B**.

41.     In the Notice, Plaintiffs advised Defendants of Plaintiffs' rights and demanded that Defendants:  1) remove all references to streaming the Coverage; and 2) provide written assurance that they would not stream the Coverage.  *See* **Exhibit B**.

42.     Plaintiffs gave Defendants forty-eight hours to comply with these demands.  *See* **Exhibit B**.

COMPLAINT

43.     Plaintiffs served the Notice on Defendants by email to the anonymous "privacy protection" email address that is publicly available for the Infringing Website.  Plaintiffs also sent the Notice via international overnight delivery to Defendants care of the privacy protection service used to mask the registrant information for the Infringing Website.

44.     In sum, Plaintiffs are informed and believe and on that basis allege that they served Defendants with the Notice at every publicly-available physical address and email address that is related to Defendants.  Plaintiffs have received confirmation that all copies of the Notice sent by email were delivered.

45.     As of the date of this filing, Plaintiffs have not received any response to the Notice from any of Defendants.  The Infringing Website continues to advertise and promote the infringing streams.

46.     Based on the foregoing allegations, Plaintiffs are informed and believe that Defendants are on actual notice of Plaintiffs' rights but nevertheless intend to proceed with their unauthorized and infringing live stream of the Coverage.

47.     Defendants' anticipated stream of the Coverage will infringe, without limitation, Plaintiffs' exclusive rights of reproduction, distribution and public performance conveyed by the Copyright Act and will cause Plaintiffs to suffer immediate and irreparable damage.

48.     Plaintiffs now seek immediate assistance from this Court pursuant to 17 U.S.C. § 411(c) and other applicable authority.

**FIRST CAUSE OF ACTION**

**(Direct Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 411(c) & 501, *et seq.*]**

49.     Plaintiffs refer to, repeat and reallege all allegations contained in Paragraphs 1 through 48 of this Complaint and incorporate them by reference as though set forth in full.

50.     At all relevant times, Plaintiffs own and control between them, all

exclusive copyright rights in the Coverage, including among other rights, exclusive rights to reproduce and distribute the Coverage in the United States, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

51.    Plaintiff Showtime will own the copyright in the Coverage in the U.S. and certain neighboring jurisdictions immediately upon its fixation in a tangible medium of expression.  Plaintiff Mayweather will own the copyright in the Coverage outside of those territories immediately upon its fixation in a tangible medium of expression.

52.    Plaintiff Showtime intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after September 12, 2015.

53.    Plaintiffs are informed and believe and on that basis allege that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

54.    If not immediately enjoined and restrained, Defendants will willfully, intentionally and knowingly reproduce, distribute and otherwise exploit the Coverage without Plaintiffs' authorization, consent or approval and in violation of Plaintiffs' rights under the Copyright Act.

55.    Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, are fully aware of Plaintiffs' rights, and Defendants intend to infringe Plaintiffs' rights willfully, knowingly and with wanton disregard.

56.    In the absence of immediate, preliminary and permanent injunctive relief, Defendants' conduct will cause Plaintiffs irreparable harm for which there is no adequate remedy at law, and will also damage Plaintiffs in an amount which cannot be accurately computed at this time.

COMPLAINT

## SECOND CAUSE OF ACTION

**(Contributory Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 411(c) & 501, *et seq*.]**

57.     Plaintiffs refer to, repeat and reallege all allegations contained in Paragraphs 1 through 56 of this Complaint and incorporate them by reference as though set forth in full.

58.     At all relevant times, Plaintiffs own and control between them all exclusive copyright rights in the Coverage, including, among other rights, exclusive rights to reproduce and distribute the Coverage in the United States, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

59.     Plaintiff Showtime will own the copyright in the Coverage in the U.S. and certain neighboring jurisdictions immediately upon its fixation in a tangible medium of expression.  Plaintiff Mayweather will own the copyright in the Coverage outside of those territories immediately upon its fixation in a tangible medium of expression.

60.     Plaintiff Showtime intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after September 12, 2015.

61.     Plaintiffs are informed and believe and on that basis allege that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

62.     Plaintiffs are informed and believe and on that basis allege that Defendants will materially contribute to direct infringement of their rights in the Coverage by others, including without limitation third parties from whom Defendants acquire the infringing stream and third parties who use other websites to redistribute the infringing stream from the Infringing Website.  Each such violation of Plaintiffs' rights constitutes a separate and distinct act of copyright infringement.

63.     Defendants will be liable as contributory infringers for each such act of

copyright infringement.  Defendants have knowledge of this infringement, including without limitation because Plaintiffs notified them that streaming the Coverage infringes their rights.

64.    Despite being on actual notice that their conduct will infringe Plaintiffs' rights, Defendants continue to represent to Plaintiffs and to the public that they intend to cause, enable, induce, facilitate and materially contribute to the infringement by providing their users with unauthorized and infringing streams of the Coverage.

65.    Through the conduct described above, Defendants will be contributorily liable for the infringement described herein.

66.    Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, are fully aware of Plaintiffs' rights, and intend to infringe Plaintiffs' rights willfully, knowingly and with wanton disregard.

67.    In the absence of immediate, preliminary and permanent injunctive relief, Defendants' conduct will cause Plaintiffs irreparable harm for which there is no adequate remedy at law, and will also damage Plaintiffs in an amount which cannot be accurately computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

### (Vicarious Federal Copyright Infringement – Against All Defendants)
### [17 U.S.C. §§ 411(c) & 501, *et seq.*]

68.     Plaintiffs refer to, repeat and reallege all allegations contained in Paragraphs 1 through 67 of this Complaint and incorporate them by reference as though set forth in full.

69.    At all relevant times, Plaintiffs own and control between them all exclusive copyright rights in the Coverage, including the exclusive right to reproduce and distribute the Coverage in the United States, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

COMPLAINT

70.     Plaintiff Showtime will own the copyright in the Coverage in the U.S. and certain neighboring jurisdictions immediately upon its fixation in a tangible medium of expression.  Plaintiff Mayweather will own the copyright in the Coverage outside of those territories immediately upon its fixation in a tangible medium of expression.

71.     Plaintiff Showtime intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after September 12, 2015.

72.     Plaintiffs are informed and believe and on that basis allege that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

73.     Plaintiffs are informed and believe and on that basis allege that third parties will use the Infringing Website to directly infringe Plaintiffs' rights in the Coverage, including without limitation by using other websites to redistribute the infringing stream from Defendants' websites.  Each such violation of Plaintiffs' rights constitutes a separate and distinct act of copyright infringement.

74.     Defendants will be liable as vicarious infringers for the copyright infringement committed via their websites.  At all relevant times, Defendants (i) have had the right and ability to control and/or supervise the infringing conduct of third parties who will redistribute the infringing stream, and (ii) on information and belief, have had a direct financial interest in and will benefit financially from, such infringing conduct.

75.     Plaintiffs are informed and believe and on that basis allege that Defendants and each of them have the right and ability to supervise this infringing conduct because, among other things, Defendants operate the Infringing Website and exercise direct control over the content that is made available through the Infringing Website, and the conditions under which such content can be accessed.

76.     Through the conduct described above, Defendants will be vicariously liable for the infringement described herein.

COMPLAINT

1    77.    Plaintiffs are informed and believe and on that basis allege that

2  Defendants, and each of them, are fully aware of Plaintiffs' rights, and intend to

3  infringe Plaintiffs' rights willfully, knowingly, and with wanton disregard.

4    78.    In the absence of immediate, preliminary and permanent injunctive

5  relief, Defendants' conduct will cause Plaintiffs irreparable harm for which there is

6  no adequate remedy at law, and will also damage Plaintiffs in an amount which

7  cannot be accurately computed at this time but will be proven at trial.

8                          **REQUEST FOR RELIEF**

9           WHEREFORE, Plaintiffs request that the Court:

10    1.    Enter judgment for Plaintiffs and enter a temporary restraining order,

11 preliminary injunction and permanent injunction:

12         a.  Prohibiting Defendants and each of them, including without limitation

13             their agents, servants, employees, officers, attorneys, successors,

14             licensees, partners, and assigns and all other persons who receive actual

15             notice of the order and who are in active concert or participation with

16             any of them from:

17                i.  knowingly hosting, linking to, distributing, reproducing,

18                    performing, selling, offering for sale, making available for

19                    download, streaming or making any other use of the Coverage or

20                    any portion thereof;

21                ii. taking any action that induces, causes or materially contributes to

22                    the direct infringement of Plaintiffs' rights in the Coverage by any

23                    third party, including without limitation knowingly hosting,

24                    linking to, distributing, reproducing, performing, selling, offering

25                    for sale, making available for download, streaming or making any

26                    other use of the Coverage or any portion thereof;

27                iii. otherwise infringing Plaintiffs' rights in any manner, whether

28                    directly, contributorily, vicariously or in any other way; and

COMPLAINT

iv.  transferring or performing any function that results in the transfer of the registration of the domain name <mayweathervsandrebertolivestream.com> to any other registrant or registrar.

b.  Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those knowingly acting in active concert or participation with any of them, from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2.  That the Court award Plaintiffs actual damages, profits and/or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiffs.

3.  That the Court award Plaintiffs their costs of suit incurred herein, including their attorneys' fees and investigators' fees incurred by Plaintiffs in investigating Defendants' unlawful conduct, as provided by applicable law.

4.  That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

5.  That the Court grant Plaintiffs such other and further relief as it deems just and equitable.

DATED:  September 8, 2015            Respectfully submitted,
                                    KILPATRICK TOWNSEND & STOCKTON LLP

                                    By:    /s/ Dennis L. Wilson
                                           DENNIS L. WILSON
                                           Attorneys for Plaintiffs
                                           SHOWTIME NETWORKS INC., and
                                           MAYWEATHER PROMOTIONS, LLC

COMPLAINT